# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CANON FINANCIAL SERVICES, INC., | : : : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : : | Civil Action No. 19-17910 |
| v. | : : | **OPINION** |
| SERVECO NORTH AMERICA, LLC, ET AL. | : : : : | |
| Defendants. | : : | |

This matter comes before the Court on Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(2) and 12(b)(6) by Defendants Jondy Chemicals, Inc., Deanna Wahlman, and Randy Wahlman ("Jondy Defendants") [Dkt. No. 9]; and on Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(2) and 12(b)(6) by Defendant ServeCo North America LLC [Dkt. No. 15]. Having considered the parties' submissions, the Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court will grant in part and deny in part Jondy Defendants' Motion to Dismiss and will grant Defendant ServeCo North America LLC's Motion.

I. Background

This case concerns the alleged breach of an Equipment Lease Agreement. On or about January 25, 2017, Defendant Jondy Chemicals, Inc d/b/a/ Ultra Shield ("Jondy") entered into an Equipment Lease ("Lease") with Plaintiff, Canon Financial Services, Inc. ("Plaintiff"). [Dkt. No. 1, Compl., ¶ 4]. Under the Lease, Jondy agreed to make certain

1

payments, which Plaintiff alleges are due and owed under the terms and conditions of the Lease, totaling $86,649.01. (Id. at ¶¶ 8-9).

According to the Complaint, "Jondy consolidated, merged with, was acquired by [Defendant] ServeCo North America, LLC ("ServeCo")." (Id. at ¶ 13). Plaintiff claims that Defendants, Randy Wahlman and Denna Wahlman, "improperly transferred and/or liquidated assets belonging to Defendant Jondy, to Defendants ServeCo or themselves. (Id. at ¶ 33). Plaintiff filed a complaint with the Superior Court of New Jersey, Burlington County, against all Jondy Defendants and ServeCo alleging Breach of Lease (Count I), Successor liability (Count II), Conversion (Count III), Fraud (Count IV), and Quantum Meruit (Count V). Defendants' removed the matter to this Court and subsequently, filed separate Motions to Dismiss.

## II.    Standard of Reviews

### A. Federal Rule of Civil Procedure 12(b)(2)

If a defendant raises lack of personal jurisdiction as a defense, under Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). The plaintiff meets its burden by establishing "that the court has either 'general' or 'specific' jurisdiction." Id. A plaintiff's allegations are "taken as true and factual disputes drawn in its favor" when the district court does not hold an evidentiary hearing on the jurisdictional facts. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

The plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Turner v. Boyle, No. 12–7224,

2013 WL 1409903, at *3 n.1 (D.N.J. Apr. 8, 2013) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61 (3d Cir. 1984)); Patterson by Patterson v. F.B.I., 893 F.2d 595, 603–04 (3d Cir. 1990). In its analysis, Courts must consider a variety of interests and may rely upon matters outside the pleadings. Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1780 (2017); Turner, 2013 WL 1409903, at *3 n.1.

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings. The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law. Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, the pleading must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the complaint, and view them in the light most favorable to non-movant, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d

902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.[1] Phillips, 515 F.3d at 234. "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged to relief." Iqbal, 556 U.S. at 678.

### III. Analysis

#### A. Personal Jurisdiction

A federal court exerts personal jurisdiction to the extent authorized by the law of the state in which that court sits. The New Jersey Long–Arm Statute permits an exercise of jurisdiction to the fullest extent allowed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Nicholas v. Saul Stone & Co. LLC, 224 F.3d 179, 184 (3d Cir. 2000); N.J. Ct. R. 4:4–4. Due process limits a state's power to assert personal jurisdiction over a nonresident defendant. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 413–14 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)).

Due process is satisfied when a defendant has minimum contacts with a forum state, so that a court's jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted) (internal quotation marks omitted). A suit offends due process when

---

[1] When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

there are no ties, contacts, or relations between the state and the defendant. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980); Int'l Shoe, 326 U.S. at 319; see also Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 780 (1984) ("[I]nquiry [into personal jurisdiction] focuses on the relations among the defendant, the forum and the litigation."). Conversely, if a party's contacts meet the constitutional minimum contacts requirement, the district court likely has personal jurisdiction. Miller Yacht, 384 F.3d at 96.

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. . . . A variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court." Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 703, 102 S. Ct. 2099, 2105 (1982). "A forum selection clause in a contract is one way in which to effectuate this waiver." Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC, No. 2:06-cv-03543, 2007 WL 2156367, at *3 (D.N.J. July 25, 2007) (citing Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315 (1963))

According to the Complaint, jurisdiction and venue in New Jersey are proper under the parties' Lease, Paragraph 9.1. (Compl. ¶ 5). Specifically, Plaintiff argues that this Court has personal jurisdiction over the Jondy Defendants because they consented to the jurisdiction of this Court by agreeing to the forum selection clause within the parties Lease. Plaintiff further argues that Defendant ServeCo is also subject to that forum selection clause, pursuant to successor liability, and therefore, subject to personal jurisdiction in the forum. [Dkt. No. 13, p. 7].

"In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). The Federal rule to be applied,

> is that a forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983).

1. *Personal Jurisdiction over the Jondy Defendants*

Jondy Defendants do not contest the existence of the Lease between Jondy and Plaintiff. They argue, however, that the copy of the Lease Plaintiff produced in this matter is illegible, and it is therefore, "unclear whether the Lease contains a forum selection clause and, if so, what that clause says." [Dkt. No. 9-1 at, p 15]. To be sure, the copy of the executed Lease, as attached to Plaintiff's Complaint, is almost entirely illegible. It is apparent, however, that the document is a lease agreement between Canon Financial and Jondy Chemicals. [Dkt. No. 1, Ex. A]. The Court can also discern from the copy provided that paragraph 9.1 is an existing provision that at least states, "Choice of law and forum," followed by a statement in all capital letters. [Dkt. 1, Ex. A to Compl.]. Notably, Defendants do not contend that the Lease, at the time of signing, was illegible. Therefore, Jondy Defendants should be aware of whether the contract contained such a clause, and have not explicitly asserted otherwise.

6

In response to Defendants' argument, Plaintiff has provided a legible "blank copy of the Lease form" exhibiting a forum clause at paragraph 9.1. [See Dkt. No. 13, p. 5; Dkt. No. 12-2, Ex. A, p. 9-13].  That forum selection clause states:

> THIS AGREEMENT SHALL FOR ALL PURPOSES BE GOVERNED BY THE LAWS OF NEW JERSEY WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES. YOU CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT LOCATED WITHIN CAMDEN OR BURLINGTON COUNTY, NEW JERSEY, OR AT LESSOR'S OPTION IN ANY STATE WHERE YOU OR THE EQUIPMENT ARE LOCATED. YOU WAIVE OBJECTIONS TO THE JURISDICTION OF SUCH COURTS, TO VENUE, AND TO CONVENIENCE OF FORUM.

(Id. at ¶ 9.1).

Although this copy of the Lease is undeniably not the original executed Lease or copy of such, Defendants' have not disputed whether the unsigned document is an accurate representation of the signed original. Both the copy of the executed Lease and the blank form have identical paragraphs and page numbers. Importantly, the legible portions of the provision at issue in the executed Lease match the blank form document. Specifically, the Court finds that the phrase "YOU CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT LOCATED WITHIN CAMDEN OR BURLINGTON COUNTY, NEW JERSEY" can be read, albeit barely, in the executed copy. Interestingly, Jondy Defendants did not reply to Plaintiff's response, in which they provided the above language. Therefore, they fail to take issue with its authenticity. Furthermore, Jondy Defendants also fail to establish that the forum selection clause should not be enforced for any of the three reasons considered by the Court— fraud or overreaching, public policy, or serious inconvenience.

Accordingly, the Court finds no reason, at this time, to preclude enforcement of the forum selection clause against Jondy Chemicals, in which Jondy Chemicals explicitly

agreed to exclusive jurisdiction, and venue, inter alia "of any State or Federal Court located within Camden or Burlington County, New Jersey." With regard to the Wahlmans, Jondy Defendants argue that because they did not sign the lease in their individual capacities, they have not consented to personal jurisdiction. Under certain circumstances, however, non-signatories may be subject to a forum selection clause.

"The question of the scope of a forum selection clause is one of contract interpretation," John Wyeth & Brother Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1073 (3d Cir. 1997); and to determine whether a forum selection clause applies to a particular party or claim, the Court applies state law. Mehta v. Angell Energy, No. CV182319, 2019 WL 4750142, at *5 (D.N.J. Sept. 30, 2019).[2] "Under traditional principles of contract law, non-signatories may be bound by a forum selection clause if they are intended third-party beneficiaries of the contract, or if they are closely related parties." In re McGraw-Hill Glob. Educ. Holdings LLC, 909 F.3d 48, 59 (3d Cir. 2018). In the Third Circuit, Courts will enforce a forum selection clause on such third-party beneficiaries or closely related parties if enforcement was foreseeable to the non-signatory and the claim is within the scope of that clause. Id. Here, Plaintiff argues that "Wahlman Defendants benefited directly not only from the Lease but from the corporate identity of Jondy and must be subject to the same jurisdictional contacts and forum selection clause as the entity." [Dkt. No. 13, p. 12].[3]

---

[2] Here, the forum clause provision includes a choice of law, which specifies New Jersey law as the governing law.

[3] It does not appear the Plaintiff is arguing that the Wahlman Defendants are third-party beneficiaries to the Lease.  Although the allegations in the Complaint establish that the Wahlman's benefited from the Lease with Plaintiff, there are no allegations establishing that the Wahlman's were intended third-party beneficiaries rather than mere incidental beneficiaries. (See Dkt. No. 1). A forum selection clause will not be enforced against an incidental third-party beneficiary. D'Elia v. Grand Caribbean Co., No. 09-CV-1707, 2010 WL

"In determining whether a non-signatory is closely related to a contract, courts consider the non-signatory's ownership of the signatory, its involvement in the negotiations, the relationship between the two parties and whether the non-signatory received a direct benefit from the agreement." In re McGraw-Hill Glob. Educ . Holdings LLC, 909 F.3d 48, 63 (3d Cir. 2018). In this case, Randy Wahlman is the incorporator of Jondy Chemicals and its Chief Executive Officer. [Dkt. No. 9, Ex. 2; Dkt. No. 11-4, Ex. E ¶ 8]. Deanna Wahlman is Jondy Chemical's Vice President. [Dkt. No. 11-5, Ex. F ¶ 8]. It is undisputed that the Wahlmans sold all of Jondy's assets to Defendant ServeCo on or about March 17, 2017. [See Dkt. No. 11-4; Dkt. No. 11-5]. Plaintiff alleges that the Wahlmans further "conspired to and did improperly transfer assets of Defendant Jondy" and improperly liquidated Defendant Jondy's Assets "to Defendants ServeCo and/or to themselves, for their own benefit." (Compl. at ¶¶ 29, 33). As a result, Plaintiff brings claims against the Wahlmans for conversion and fraud. (Count III and Count IV).

These claims are related to the Breach of Contract claim brought under the Lease at issue. Plaintiff's breach of contract claim is premised on Jondy's alleged failure make payments due under the Lease agreement. Plaintiff's claims against Wahlman Defendants allege that they improperly sold off assets for their own gain while in default on the Lease. To that end, Plaintiff's claims against Wahlman Defendants are entirely premised on the fact that Jondy was indebted to Plaintiff by failing to pay debts incurred under the Lease. To that end, Plaintiff further submits to the Court that "Jondy entered into the Lease, benefited from the Equipment, then the Wahlman Defendants as

---

1372027, at *4 (D.N.J. Mar. 30, 2010) (citing E.I. Dupont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 196 (3d Cir.2001)).

9

principals of Jondy sold the business and kept the proceeds from the sale, to the detriment of creditors such as Plaintiff." [Dkt. No. 13, p. 12].

Taking into consideration the Wahlmans ownership of and relationship with Jondy, and the benefit they conferred from the Lease between Jondy and Plaintiff, as principles of the Company, the Court finds that they are closely related to the contract and litigation in this forum was foreseeable. See Beth Schiffer Fine Photographic Arts, Inc. v. Colex Imaging, Inc., No. 10-CV-5321, 2014 WL 1908500, at *5 (D.N.J. May 13, 2014) ("Courts in this district typically find that non-signatories are "closely related" only in the context of an individual non-signatory who is employed by—or the principal of—a corporate entity which is a signatory."); Affiliated Mortg. Prot., LLC v. Tareen, No. CIV.A.06 4908, 2007 WL 203947, at *4 (D.N.J. Jan. 24, 2007) (finding "employees are bound by the forum selection and choice of laws clause because the claims arise out of the contract from which the employees of Home Mortgage derived benefit"); Jordan v. SEI Corp., No. 96–1616, 1996 WL 296540, at *6 (E.D. Pa. June 4, 1996) ("Forum selection clauses bind nonsignatories that are closely related to the contractual relationship or that should have foreseen governance by the clause."); Foley & Lewis Racing, Inc. v. Burling, No. CIV.A. 07-972, 2008 WL 544655, at *3 (D.N.J. Feb. 27, 2008) (finding that Defendant who signed the agreement as CEO for a company, who derived benefit from the Agreement, was closely related to the Company and had standing to enforce the forum selection clause.). Therefore, this there is personal jurisdiction over the Wahlmans in this Court.

2. *Personal Jurisdiction over Defendant ServeCo*

Plaintiff argues that as a successor entity of Jondy, ServeCo is also bound by Jondy's consent to Jurisdiction in New Jersey by way of the forum selection clause

contained in the Lease. The allegations in the Complaint provide that "ServeCo made payments to Plaintiff with company checks for the Lease[,] . . . expressly or impliedly agreed to assume Jondy's debt under the lease . . . [and] has enjoyed the use and benefits of, and is currently enjoying the use of, Plaintiff's equipment." (Compl. ¶¶ 16-19). When determining whether successor liability should be imposed, "the key inquiry is the alleged structure of the corporate transaction between the two entities at issue." Thomas-Fish v. Aetna Steel Prod. Corp., No. 17-CV-10648 RMB/KMW, 2019 WL 2354555, at *2 (D.N.J. June 4, 2019). Here, the structure of the transaction was an asset purchase, in which Jondy sold all of its assets to ServeCo.

When one company sells its assets to another, the general rule is that the "acquiring company is not liable for the debts and liabilities of the selling company" based on mere succession of ownership. Lefever v. K.P. Hovnanian Enterprises, Inc., 160 N.J. 307, 310, 734 A.2d 290, 292 (1999). There are limited exceptions, however, in which successor liability still applies if: "(1) the successor expressly or impliedly assumes the predecessor's liabilities; (2) there is an actual or *de facto* consolidation or merger of the seller and the purchaser; (3) the purchasing company is a mere continuation of the seller; or (4) the transaction is entered into fraudulently to escape liability."[4] Id.

---

[4] "In determining whether a particular transaction amounts to a de facto consolidation or mere continuation, most courts consider four factors: (i) continuity of management, personnel, physical location, assets, and general business operations; (ii) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (iii) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (iv) continuity of ownership/shareholders." Glynwed, Inc. v. Plastimatic, Inc., 869 F. Supp. 265, 275–76 (D.N.J. 1994).

Here, Plaintiff stresses that ServeCo made payments under the lease and was in possession of its equipment at one point. There is no indication, however, that ServeCo expressly assumed liability, nor do Plaintiff's argue such an assumption occurred. It appears then, that Plaintiff believes there was an implied assumption. Plaintiff, however, fails to cite to any case law to support that ServeCo's actions would support a finding of personal jurisdiction over ServeCo as a successor of Jondy. Plaintiff, instead, generally relies on two unpublished cases to support jurisdiction over Defendant ServeCo. Both cases are distinguishable.

First, Plaintiff cites to <u>Bruder v. Hillman</u>, 2015 N.J. Super. Unpub. LEXIS 1396, 9-10 (App. Div. 2015). There, the successor company, VPLLC, was deemed a <u>continuation</u> of the predecessor partnership— a partnership which was organized under New Jersey law, and therefore, had voluntarily submitted to Jurisdiction in New Jersey. <u>Id.</u> Additionally, <u>Bruder</u> involved allegations that the successor defendant unlawfully dissolved the New Jersey predecessor partnership, which the court found, in essence, directed activities at the forum state. <u>Id</u> at *10. Here, there are no allegations or facts to support a finding that ServeCo is a mere continuation of Jondy, and no contacts between ServeCo and the forum are alleged. Second, Plaintiff cites <u>Hyams v. Halifax PLC</u>, No. A-1078-04T3, 2005 WL 3441230 (N.J. Super. Ct. App. Div. Dec. 16, 2005). In <u>Hyams</u>, the predecessor company allegedly made false and misleading statements directed at New Jersey residents. <u>Id.</u> at *7-8. The predecessor later "converted" into the successor by way of demutualization—the predecessor entity went from a private company to a publicly owned one. <u>Id.</u> at *1. Unlike here, where one entity simply purchased the assets of another.

"To impute the jurisdictional contacts of one corporate entity to another corporate entity, Plaintiff must plead facts supporting a plausible conclusion that the alleged successor entity is a 'mere continuation' of, is 'the same' as, or 'is not distinct from,' the alleged predecessor entity." Thomas-Fish v. Aetna Steel Prod. Corp., No. 17-CV-10648 RMB/KMW, 2019 WL 2354555, at *2 (D.N.J. June 4, 2019) (quoting Ostrem v. Prideco Secure Loan Fund, LP, 841 N.W.2d 882, 898 (Iowa 2014)). Plaintiff has not pled such facts or provided evidence of the same, thus, it has not met its burden in establishing jurisdiction.[5] At this time, the Court cannot extend personal jurisdiction over ServeCo on the sole basis that it made a payment under the Lease. Glynwed, Inc. v. Plastimatic, Inc., 869 F. Supp. 265, 275 (D.N.J. 1994) ("Assumption of obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business is . . . one of the four elements necessary to show de facto merger/mere continuation. If . . . this showing established implied assumption of all debts, plaintiffs would never need to show any more than this one element to establish corporate successor liability."). Therefore, the Court will grant Defendant ServeCo's motion and dismiss Defendant ServeCo for lack of personal jurisdiction in this forum.

---

[5] While Plaintiff cites to the Settlement Agreement and Mutual Release between the Wahlmans and ServeCo in support of exercising jurisdiction in this case, nothing contained in that Agreement proves assumption of liability or any other basis for jurisdiction. The Agreement states: "the Wahlmans and Jondy have agreed to release ServeCo from any further obligations, payments or duties under the APA, Note and Consulting Agreement in exchange for payment of [an agreed sum of money]." [Dkt. No. 26-2]. Additionally, Plaintiff does not argue, nor do the facts support, any other basis of jurisdiction over ServeCo in the state of New Jersey. ServeCo is a limited liability company, "formed and headquartered in the State of Georgia with a principal place of business in that state," and all of its members reside in Georgia. [Dkt. No. 1]. The Complaint pleads no contacts between ServeCo and New Jersey.

### B. Motion to Dismiss

Having found that this Court maintains personal jurisdiction over the Jondy Defendants, the Court will address their Motion to Dismiss Plaintiff's claims for conversion (Count III), fraud (Count IV), and unjust enrichment (Count V) for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6), as well as Jondy Defendants' request to strike the *ad damnum* clause in Count I from the Complaint.

*1. Count III: Conversion*

Count III of Plaintiff's Complaint alleges that Randy and Deanna Wahlman "conspired to and did improperly transfer assets of Defendant Jondy to Defendants ServeCo and/or to themselves, for their own benefit and to the detriment of Defendant Jondy's creditors. . . . [and] improperly transferred and/or liquidated assets belonging to Defendant Jondy." (Compl. ¶¶ 29,30).

The intentional tort of conversion is "the wrongful exercise of dominion and control over property owned by another inconsistent with the owners' rights." Sun Coast Merch. Corp. v. Myron Corp., 84, 922 *A*.2d 782 (N.J. Super. App. Div. 2007) (quoting Port–O–San Corp. v. Teamsters Local Union No. 863 Welfare & Pension Funds, 833 A.2d 633 (N.J. Super. App. Div. 2003)). To state a claim for conversion, a plaintiff must allege (1) "the property and right to immediate possession thereof belong to the plaintiff;" and (2) "the wrongful act of interference with that right by the defendant." Kromah v. Kagan, No. A-3499-17T4, 2019 WL 1283886, at *2 (N.J. Super. Ct. App. Div. Mar. 19, 2019) (quoting First Nat'l Bank v. North Jersey Transit Co., 18 N.J. Misc. 449, 452 (1940)). "Additionally, where the defendant lawfully acquired plaintiff's property, the plaintiff must show that he demanded the return of the property

14

and that the defendant refused compliance." Meisels v. Fox Rothschild LLP, 240 N.J. 286, 305, 222 A.3d 649, 661 (2020) (citation omitted).

Jondy Defendants submit that Plaintiff's conversion claim against the Wahlmans fails because Plaintiff "does not allege that the Wahlmans interfered with Plaintiff's right to possess property." Plaintiff, however, argues that because it is a secured creditor of Jondy, and maintains a contractual right to recover against Jondy, "any and all assets and property of Jondy are and were subject to collection by Plaintiff." [Dkt. No. 13, p. 14]. Still, the allegations in the Complaint are insufficient to establish as much. "In order to prove a case of conversion, a plaintiff must show that 'the property allegedly converted . . . belonged to the injured party.'" United Ass'n v. Schmidt, No. CIV.A. 10-1815 RBK J, 2011 WL 766057, at *9 (D.N.J. Feb. 24, 2011) (quoting Sun Coast Merchandise Corp. v. Myron Corp., 922 A.2d 782, 800 (N.J. Super. Ct. App. Div. 2007)). According to the Complaint here, Plaintiff is owed a sum of money pursuant to a Lease, and the Wahlmans transferred and/or liquidated Jondy's assets to the detriment of creditors, such as Plaintiff. These facts do not establish that the Wahlman Defendants interfered with Plaintiff's right to any of the property. As pled, the Complaint fails to state what property Plaintiff had a right to possess, whether that property was transferred and, to the contrary, establishes that assets transferred belonged to Jondy. Therefore, Plaintiff fails to state a claim for conversion, and the Court will dismiss Count III.

2. *Count IV: Fraud*

Count IV of Plaintiff's Complaint asserts a claim for common law fraud, alleging that: "Upon information and belief, Defendants, Randy Wahlman and Deanna Wahlman

improperly transferred and/or liquidated assets belonging to Defendant Jondy, to Defendants ServeCo and/or themselves. The Conduct alleged herein constitutes fraud by the Defendants, and Plaintiff has incurred damages as a result of such conduct." (Compl. ¶¶ 33-34). Jondy Defendants submit that such allegations fail to state a claim for fraud. They argue that Plaintiff fails to (1) plead the requisite elements to state a claim; and (2) plead with the requisite particularity under Rule 9(b). The Court agrees, Plaintiff does not sufficiently allege the elements of fraud, and fails to meet the Rule 9(b) heightened pleading standard.

To state a claim for common-law fraud, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610, 691 A.2d 350, 367 (1997).

Rule 9(b) requires that plaintiff plead the details of the alleged "circumstances" of the fraud with specificity sufficient to "place defendants on notice of the precise misconduct with which they are charged." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). To that end, "[a]lthough the rule states that [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally, and does not require the plaintiff to plead every material detail of the fraud, the plaintiff must use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Argabright v. Rheem Mfg. Co., 201 F. Supp. 3d 578, 590–91 (D.N.J. 2016) (quoting In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (internal quotations and citations omitted)). At a minimum, a plaintiff "must allege who made a misrepresentation to whom and the

16

general content of the misrepresentation." Lum v. Bank of Am. ., 361 F.3d 217, 224 (3d Cir. 2004).

Here, Plaintiff argues that the Lease and Asset Purchase Agreement "establish the relevant dates and events underlying the fraud and fraudulent transfer and conversion of Jondy's assets, to the detriment of Plaintiff and other creditors." [Dkt. No. 13, p. 16]. The Lease itself, however, does not establish fraud, and the Asset Purchase Agreement is not referenced in Plaintiff's Complaint nor attached thereto. Additionally, Plaintiff has not pled a fraudulent transfer claim. Accepting the well pled facts as true, Plaintiff fails to plead the circumstances of the alleged fraud with any specificity. Indeed, the only element of a common law fraud claim that is pled, is the element of damages. The Court finds that such bare allegations do not place Defendants on notice of the misconduct for which they are charged. Accordingly, the Court will grant Jondy Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint, and Plaintiff's fraud claim will be dismissed.

3. Count V: Quantum Meruit

Jondy Defendants move to dismiss Plaintiff's Count V, arguing that Plaintiff fails to establish unjust enrichment. Plaintiff's Count V, however, asserts a claim for quantum meruit, alleging, "[t]o the extent that Defendants have benefitted from the services of Plaintiff without having paid for them, Defendants have become unjustly enriched at Plaintiff's expense." (Compl. ¶ 36). "Quantum meruit is a form of quasi-contractual recovery that 'rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.'" Excelsior Lumber Co. v. Van Peenen Landscape Contractors, No. A-6032-17T4, 2019 WL 2932812, at *5 (N.J.

17

Super. Ct. App. Div. July 9, 2019) (quoting Starkey, Kelly, Blaney & White v. Estate of Nicolaysen, 796 A.2d 238, 242 (N.J. 2002)).

"To recover under a theory of quantum meruit, a party must establish: (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." Id. (internal quotations and citation omitted). Jondy Defendants argue that Plaintiff fails to allege any expected remuneration, that Defendants' purported failure to provide remuneration unjustly enriched Defendants, or that Wahlman Defendants benefitted from any service of Plaintiff. [Dkt. No. 9-1, p. 21]. While unjust enrichment and quantum meruit are similar, the Court finds Defendants argument misplaced. The facts in the Complaint establish (1) that Plaintiff performed services under a Lease; (2) that Jondy Defendants accepted its services; (3) that Plaintiff was owed payment for its services; and (4) a value owed for Plaintiff's performance. Plaintiff has, therefore, stated a plausible claim under Count V for quantum meruit.

4. Count I's ad damnum Clause

Finally, Jondy Defendants seek to strike the *ad damnum* clause in Count I, as to Wahlman Defendants. They contend that because Count I alleges a breach of contract claim aimed solely at Jondy, it therefore, improperly requests a judgment against Wahlman Defendants. Plaintiff does not oppose Jondy Defendants' request. Therefore, the Court will grant Jondy Defendants' request to strike the *ad damnum* clause contained in Count I as to the Wahlmans.

IV.     Conclusion

For the forgoing reasons, Defendants Jondy Chemicals, Inc.'s, Deanna Wahlman's, and Randy Wahlman's Motion to Dismiss [Dkt. No. 9] will be granted in part and denied in part; and Defendant ServeCo North America LLC's Motion to Dismiss will be granted.

An appropriate Order shall issue.

Dated: July 16, 2020

                                        /s/ Joseph H. Rodriguez
                                      Hon. Joseph H. Rodriguez,
                                      UNITED STATES DISTRICT JUDGE